JUNE 3, 1803.

# John Lowry v. Wm. McMurtry.

*Upon an appeal from a judgment of the Court of Quarter Sessions of Jessamine county.*

The record of a former suit may be effectually pleaded in bar to any new suit for any matter that was litigated by the parties and decided in the former suit.

The error assigned in this suit refers to a bill of exceptions, from which it appears that there was given in evidence, at the trial, the record of a suit, *Jane Wilmore, executrix, &c.*, against *Samuel McAfee, surviving executor, &c.*, wherein it appears that Lowry was assignee of an undivided moiety of five hundred acres of land, and McMurtry was assignee of the other moiety. Whereas, McMurtry, in his present declaration, states that the suit against McAfee was prosecuted in the name of Lowry and McMurtry, as assignees, and that they were joint purchasers and assignees, &c.

On examination, the court finds that the first-mentioned suit was brought on an instrument of writing of which Lowry and McMurtry were the last assignees, as has been mentioned, but that in the declaration a precise and very particular reference is made to the writing in every other respect. And it is conceived, notwithstanding the inaccuracies complained of, that as Lowry was one of the real plaintiffs, although not the nominal plaintiff in the suit, he could not have been surprised at the trial of this suit, by the admission, in evidence, of the record of the other; and it is also conceived, that the record of this suit may be effectually pleaded in bar to any other suit for the same cause. Therefore, it is considered by the court, that the judgment aforesaid be affirmed, that the appellee be permitted to have the benefit of his judgment in the court below, and recover of the appellant his costs in this behalf expended, together with ten per centum damages on the amount of the said judgment, which is ordered to be certified to the circuit court of Jessamine county.